UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **OMARI POLLNITZ,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: **2:14-cv-00807-MHH** |
| } | |
| **UNIVERSITY OF ALABAMA** } | |
| **BOARD OF TRUSTEES, et al.,** } | |
| } | |
| **Defendants.** | |

**MEMORANDUM OPINION AND ORDER**

The event that gives rise to this lawsuit occurred while plaintiff Omari Pollnitz was a patient at University of Alabama at Birmingham Hospital. He was hospitalized for shoulder surgery. Mr. Pollnitz is a paraplegic and uses a wheelchair for transportation. While he was recovering from surgery, Mr. Pollnitz refused treatment and attempted to leave his room to go to the hospital's smoking room. His nurse called UAB police. Mr. Pollnitz alleges that when UAB police officers responded to the call, they took control of his chair, pushed him toward his room over his protests, and ultimately dumped him on the hallway floor.

In this action, Mr. Pollnitz asserts various state law and federal constitutional claims against UAB Health System, University of Alabama Health Services Foundation, P.C., UAB Chief of Police Anthony Purcell in his individual capacity,

1

UAB nurse Eva Dancy in her individual capacity, and several fictitious defendants. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the defendants ask this Court to dismiss Mr. Pollnitz's complaint for failure to state a claim on which relief can be granted. For the reasons explained below, the Court grants in part and denies in part defendants' motions to dismiss.

## I.     STANDARD OF REVIEW

Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Pursuant to Rule 8(a)(2), a complaint must contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding a Rule 12(b)(6) motion to dismiss, a court must view the allegations in a complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). A court must accept well-pled facts as true. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

## II.    FACTUAL AND PROCEDURAL HISTORY

Mr. Pollnitz's factual allegations, viewed in the light most favorable to him, are these: Mr. Pollnitz is a paraplegic and uses a wheelchair for transportation.

(Doc. 30, p. 3). On March 17, 2012, Mr. Pollnitz was hospitalized at UAB Hospital, recovering from shoulder surgery. (Doc. 30, p. 3). On that date, registered nurse Eva Dancy had difficulty administering Mr. Pollnitz's IV medication. (Doc. 30, ¶ 17). In pain, Mr. Pollnitz demanded that Ms. Dancy stop the IV and asked that another nurse perform the treatment. (Doc. 30, ¶ 17). Mr. Pollnitz alleges that he told Ms. Dancy that he was going downstairs to smoke. (Doc. 30, ¶ 17). Ms. Dancy left Mr. Pollnitz's hospital room. (Doc. 30, ¶ 17).

Mr. Pollnitz alleges that he got in his wheelchair and proceeded toward the smoking area. (Doc. 30, ¶ 18). As he left his room, Mr. Pollnitz observed Ms. Dancy talking to the police. (Doc. 30, ¶ 18). According to the amended complaint, moments later, a police officer approached Mr. Pollnitz from the rear and began pushing his wheelchair down the hallway. (Doc. 30, ¶ 18). Several other officers also responded. (Doc. 30, ¶ 19). Mr. Pollnitz asked the officers to stop and told them that they were hurting him. (Doc. 30, ¶ 19). The officers allegedly "dumped [Mr. Pollnitz] on the floor exposing him in public view." (Doc. 30, ¶ 19). While Mr. Pollnitz was lying on the ground, unable to get up, the officers berated him and handled him roughly. (Doc. 30, ¶ 25). Ms. Dancy allegedly shouted at him. (Doc. 30, ¶ 20). At some point, Mr. Pollnitz's cell phone fell on the floor, and an officer kicked the phone against the wall, causing it to break into pieces. (Doc. 30, ¶ 24).

Based on these facts, Mr. Pollnitz filed suit against UAB Health System, University of Alabama Health Services Foundation, P.C., UAB Chief of Police Anthony Purcell in his individual capacity, UAB nurse Dancy in her individual capacity, and several fictitious defendants.[1]  Mr. Pollnitz amended his complaint three times.  (Docs. 22, 24, 30).  All of the defendants filed a joint motion to dismiss Mr. Pollnitz's third amended complaint for failure to state a claim under rule 12(b)(6).  (Doc. 31).  Chief Purcell and Ms. Dancy filed separate motions in which they ask the Court to dismiss Mr. Pollnitz's claims against them based on federal and state immunity principles.  (Docs. 32, 33).  The parties have briefed the motions.  (Docs. 37, 38, 39, 41, 42, 43).[2]  On this record, the Court examines the defendants' motions to dismiss.

---

[1] Initially, Mr. Pollnitz also asserted claims against the University of Alabama, the University of Alabama Board of Trustees, and the UAB Police, and he asserted claims against Chief Purcell and Ms. Dancy in their official capacities.  (*See* Docs. 22, 24).  On January 20, 2015, the Court dismissed the University of Alabama and the University of Alabama Board of Trustees and the claims against Ms. Dancy and Chief Purcell in their official capacities.  (Doc. 29).  On February 2, 2015, the Clerk removed the UAB Police Department as a defendant because it is not a legal entity subject to suit under § 1983.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).

[2] Mr. Pollnitz attached various documents to his responses.  (*See* Docs. 37-1, 37-2, 37-3, 38-1, 38-2, 38-3).  "'The court has discretion as to whether to accept material beyond the pleading that is offered in conjunction with a 12(b)(6) motion.  However, once the court decides to accept matters outside the pleading, it must convert the motion to dismiss into one for summary judgment.'"  *Christy v. Sheriff of Palm Beach Cnty., Fla.*, 288 Fed. Appx. 658, 664 (11th Cir. 2008) (quoting *Prop. Mgmt. & Invs., Inc. v. Lewis*, 752 F.2d 599, 604 (11th Cir. 1985)).  The Court has not considered materials outside the pleadings and therefore treats the pending motions as motions to dismiss.

### III. ANALYSIS

Mr. Pollnitz asserts the following claims: (1) § 1983 "General Allegations"; (2) § 1983 failure to implement appropriate policies, customs, and practices; (3) § 1983 excessive force; (4) § 1983 false arrest; (5) § 1983 deprivation of property without due process of law; (6) § 1983 and state law false imprisonment; (7) negligence; (8) negligent supervision; (9) conspiracy; (10) assault and battery; (11) intentional infliction of emotional distress; (12) negligent entrustment; and (13) conversion. The Court will address each claim in turn.

### I. § 1983 General Allegations

In the first count of Mr. Pollnitz's third amended complaint, he identifies at least six different constitutional violations. (Doc. 30, ¶ 46). Under Rule 10(b), a plaintiff's complaint may include only a single claim for relief in each count. *See Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *see also Hickman v. Hickman*, 563 Fed. Appx. 742, 743–44 (11th Cir. 2014). Therefore, the Court will dismiss Count One without prejudice.

### II. Failure to Implement Appropriate Policies

In Count Two, Mr. Pollnitz makes the following allegations:

51. Defendant Anthony B. Pucell, Chief of Police, in his individual capacity as Chief of Police of the UAB Police Department . . . implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, allowing employees of the UAB Police Department to confront and

punish physically challenged patients in the hospital setting without lawful justification.

52. The Chief of Police, Anthony B. Purcell, . . . UAB Health System, [and] University of Alabama Health Services Foundation, P.C., . . . failed to adequately train and supervise the Defendants A, B, C, D, and Dancy; such failure amounts to deliberate indifference to the rights of the Plaintiff to be free from excessive force and unreasonable seizures under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

(Doc. 30, ¶¶ 51, 52). Mr. Pollnitz has not alleged that UAB Health System and University of Alabama Health Services are responsible for the training of UAB police officers. Mr. Pollnitz also has not alleged facts to support a § 1983 claim against Ms. Dancy for excessive force or unreasonable seizures. Therefore, the Court will dismiss the claim against UAB Health System and University of Alabama Health Services without prejudice.

With regard to Chief Purcell, "[a] supervisory official is not liable under section 1983 for an injury resulting from his failure to train subordinates unless his failure to train amounts to deliberate indifference to the rights of persons with whom the subordinates come into contact and the failure has actually caused the injury of which the plaintiff complains." *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1397 (11th Cir. 1994) (internal quotation marks omitted). "Deliberate indifference is a stringent standard of fault" requiring that the supervisor have "actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights." *Connick v.*

*Thompson*, --- U.S. ---, 131 S. Ct. 1350, 1360 (2011) (internal quotations marks omitted). "Deliberate indifference can be established in two ways: by showing a widespread pattern of similar constitutional violations by untrained employees or by showing that the need for training was so obvious that a [supervisor]'s failure to train [his] employees would result in a constitutional violation." *Mingo v. City of Mobile, Ala.*, 592 Fed. Appx. 793, 799–800 (11th Cir. 2014).

      Mr. Pollnitz has not alleged facts demonstrating that Chief Purcell had actual or constructive notice that an omission in the UAB Police training program caused officers to violate the constitutional rights of hospital patients. Nor has Mr. Pollnitz alleged facts suggesting that the need for training was so obvious that a failure to train is likely to result in a constitutional violation. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, --- F.3d ---, 2015 WL 4098270, at *10 (11th Cir. July 8, 2015) (affirming the district court's dismissal of a § 1983 failure to train claim that arose from a single incident where complaint did not allege facts to support a pattern of constitutional violations); *Cottone v. Jenne*, 326 F.3d 1352, 1362 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 supervisory liability claim where the complaint did not allege that the supervisors had notice of a pattern of constitutional violations). Therefore, the Court will dismiss this claim without prejudice.

### III. Excessive Force

Mr. Pollnitz asserts claims for excessive force against Ms. Dancy and several fictitious defendants, (Doc. 30, ¶ 56); however Mr. Pollnitz has not alleged that Ms. Dancy exerted any force against him. He does not even allege that she touched him. Instead, Mr. Pollnitz alleges that a UAB police officer seized his wheelchair and dumped him on the floor. To date, Mr. Pollnitz has not moved to substitute a specific officer for the fictitious defendants named in the third amended complaint. Because the officer(s) who allegedly exerted force on Mr. Pollnitz are not defendants in this action, Mr. Pollnitz cannot state a claim for excessive force. Therefore, the Court dismisses this claim without prejudice.

### IV. False Arrest and False Imprisonment

In Counts Four and Six of the third amended complaint, Mr. Pollnitz asserts state law claims for false arrest and false imprisonment against UAB police officers and Ms. Dancy. (*See* Doc. 30, pp. 16–19). The UAB police officers are not defendants in this case, so the claims against them are dismissed without prejudice.

Mr. Pollnitz alleges that Ms. Dancy spoke to the police before his alleged false arrest and false imprisonment. Under Alabama law, "persons other than those who actually effect an arrest or imprisonment may be so involved with or related to the act or proceeding as instigators or participants therein as to be liable

for false imprisonment." *Crown Central Petroleum Corp. v. Williams*, 679 So. 2d 651, 654 (Ala. 1996).

> Instigation consists of words or acts which direct, request, invite or encourage the false imprisonment itself. . . . It is not enough for instigation that the actor has given information to the police about the commission of a crime, or *has accused the other of committing it, so long as he leaves to the police the decision as to what shall be done about any arrest*, without persuading or influencing them.

*Dolgencorp, Inc. v. Pounders*, 912 So. 2d 523, 528 (Ala. Civ. App. 2005) (quoting Restatement (Second) of Torts § 45A, cmt. c) (emphasis in *Dolgencorp*).  In his third amended complaint, Mr. Pollnitz does not allege that Ms. Dancy directed or encouraged Mr. Pollnitz's alleged false arrest or imprisonment, or that she persuaded or influenced the officers who purportedly made the arrest.  In his response to the defendants' motions to dismiss, Mr. Pollnitz has expanded his allegations against Ms. Dancy, but "the scope of review on a motion to dismiss is limited to the four corners of the complaint." *Allaben v. Howanitz*, 579 Fed. Appx. 716, 717–18 (11th Cir. 2014).  Therefore, the Court dismisses counts Four and Six without prejudice.[3]

### V.   Due Process

Mr. Pollnitz claims that UAB police officers and Ms. Dancy violated his due process rights when they broke his cell phone and seized his wheelchair. (Doc. 30,

---

[3] Were this the only deficiency in Mr. Pollnitz's third amended complaint, the Court might offer Mr. Pollnitz the opportunity to incorporate new facts from his brief into his complaint.

¶ 66). The UAB police officers are not defendants in this action. Mr. Pollnitz does not allege that Ms. Dancy broke his cell phone or seized his wheelchair, nor does he allege that Ms. Dancy directed the officers to seize his wheelchair. Moreover, even assuming that these facts give rise to a procedural due process claim, Mr. Pollnitz has an adequate post-deprivation remedy under state law because he can pursue assault and battery and conversion claims against the officers. *See Morefield v. Smith*, 404 Fed. Appx. 443, 445 (11th Cir. 2010) (holding that confiscation of legal documents could not constitute a procedural due process violation where plaintiff could pursue a tort action for conversion of his personal property). Therefore, the Court will dismiss Mr. Pollnitz's due process claim with prejudice.

### VI. Negligence and Negligent Supervision

In Counts Seven and Eight, Mr. Pollnitz asserts a negligence claim and a negligent supervision claim against UAB Health System, University of Alabama Health Services, and Chief Purcell. (Doc. 30, ¶¶ 75, 85). However, the factual allegations in the negligence count refer repeatedly to defendants' duty to supervise. (*See* Doc. 30, ¶¶ 79–83). Therefore, the Court construes both counts as a single claim for negligent supervision.

Under Alabama law, the elements of a negligent supervision claim are as follows:

> 'In the master and servant relationship, the master is held responsible for his servant's incompetency when notice or knowledge, either actual or presumed, of such unfitness has been brought to him. Liability depends upon its being established by affirmative proof that such incompetency was actually known by the master or that, had he exercised due and proper diligence, he would have learned that which would charge him in the law with such knowledge.'

*Voyager Ins. Companies v. Whitson*, 867 So. 2d 1065, 1073 (Ala. 2003) (quoting *Lane v. Central Bank of Ala., N.A.*, 425 So. 2d 1098, 1100 (Ala. 1999)) (emphasis in *Voyager* omitted). "[F]or an employer to be liable for the negligent hiring, training, retention, and supervision of its employee, the plaintiff must also prove 'wrongful conduct' on the part of the employee." *Jones Exp., Inc. v. Jackson*, 86 So. 3d 298, 304 (Ala. 2010) (collecting cases).

For Mr. Pollnitz to maintain a negligent supervision claim against UAB Health Systems and University of Alabama Health Services, Mr. Pollnitz must show that Ms. Dancy committed a tort; however, Mr. Pollnitz has not alleged facts in the third amended complaint that would enable him to establish underlying tortious conduct by Ms. Dancy. *See infra* pp. 5–15. Therefore, the Court will dismiss this claim against UAB Health System and University of Alabama Health Services without prejudice.

Mr. Pollnitz also alleges that Chief Purcell is liable for negligent supervision of the UAB officers under his authority. Although the UAB officers are not defendants in this case, the facts alleged in Mr. Pollnitz's complaint are sufficient

to put defendants on notice of the officers' alleged tortious conduct. In his motion to dismiss, Chief Purcell asserts that he is entitled to State-agent immunity. (Doc. 33, p. 11). The Alabama Supreme Court restated the rule governing State-agent immunity in *Ex Parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000). Under Alabama law,

> A State agent *shall* be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's
>
> (1) formulating plans, policies, or designs; or
>
> (2) exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:
>
>   (a) making administrative adjudications;
>
>   (b) allocating resources;
>
>   (c) negotiating contracts;
>
>   (d) hiring, firing, transferring, assigning, or supervising personnel;
>
> . . .
>
> Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent *shall not* be immune from civil liability in his or her personal capacity
>
> (1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State

enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or

(2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.

*Id.* Chief Purcell's alleged actions in hiring, training, supervising, and making policy fall squarely within the second category of *Cranman*. Mr. Pollnitz has not alleged facts showing that Chief Purcell acted willfully, maliciously, fraudulently, in bad faith, or beyond his authority. *See Vaughn v. City of Athens*, 176 Fed. Appx. 974, 979 (11th Cir. 2006) (holding that district court correctly dismissed state law negligent supervision claims against police chief because "[t]raining and supervising employees is a discretionary function"); *see also Howard v. City of Atmore*, 887 So. 2d 201, 210 (Ala. 2003) (affirming summary judgment in favor of police chief on negligent training and supervision on the basis of State-agent immunity). To the contrary, Mr. Pollnitz alleges only negligent conduct. Therefore, the Court will dismiss the negligent supervision claim against Chief Purcell with prejudice.

### VII. Conspiracy

In Count Nine, Mr. Pollnitz alleges a § 1983 conspiracy claim against unnamed UAB police officers and Ms. Dancy. (Doc. 30, ¶ 90). "A plaintiff claiming a § 1983 conspiracy must prove the defendants 'reached an

understanding' to violate plaintiff's constitutional rights." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1260 (11th Cir. 2010) (quoting *Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty.*, 956 F.2d 1112, 1122 (11th Cir. 1992)). Additionally, the plaintiff must "allege an underlying constitutional violation." *Christman v. Holmes*, 448 Fed. Appx. 869, 873 (11th Cir. 2011).

The UAB police officers are not defendants in this action, and Ms. Dancy cannot conspire with herself. *See United States v. Arbane*, 446 F.3d 1223, 1230 (11th Cir. 2006) ("'[A] person cannot conspire with [her]self; *at least two conspirators must have sufficient knowledge* in order for there to be a conspiracy.") (quoting with approval *United States v. Davis*, 183 F.3d 662 (3d Cir. 1999)) (emphasis in *Arbane*). Moreover, the third amended complaint fails to state a claim for an underlying constitutional violation. Therefore, the Court will dismiss this claim without prejudice.

### VIII. Assault and Battery

Mr. Pollnitz alleges a state law claim for assault and battery against UAB police officers and Ms. Dancy in Count Ten of his complaint. (Doc. 30, ¶ 95).

> In Alabama, the elements of an assault and battery claim are as follows: 'An intentional, unlawful offer to touch the person of another in a rude or angry manner under such circumstances as to create in the mind of the party alleging the assault a wellfounded fear of an imminent battery, coupled with the apparent present ability to effectuate the attempt if not prevented. A successful assault becomes a battery, which consists of the touching of another in a hostile manner.'

*Ex Parte Am. Heritage Life Ins. Co.*, 46 So. 3d 474, 477 (Ala. 2010) (quoting *Wright v. Wright*, 654 So. 2d 542, 544 (Ala. 1995)). Mr. Pollnitz alleges that the officers and Ms. Dancy "assaulted him by seizing his wheelchair, placing him in apprehension of fear of great bodily harm." (Doc. 30, ¶ 96). The UAB police officers are not defendants in this case, so the claims against them are dismissed without prejudice. Additionally, there are no allegations in the complaint that Ms. Dancy touched or attempted to touch Mr. Pollnitz's wheelchair, nor are there allegations that Ms. Dancy directed the officers to seize the wheelchair. Therefore, the third amended complaint fails to state a claim for assault and battery against Ms. Dancy, and the Court will dismiss the claim without prejudice.

### IX. Intentional Infliction of Emotional Distress

In Count Eleven, Mr. Pollnitz states a state law claim for intentional infliction of emotional distress, also known as outrage. (Doc. 30, pp. 26–27). "'The tort of outrage is an extremely limited cause of action.'" *Little v. Robinson*, 72 So. 3d 1168, 1172 (Ala. 2011) (quoting *Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000)). The tort of outrage is so limited that the Alabama Supreme Court generally

> has recognized it in regard to only three kinds of conduct: (1) wrongful conduct in the family-burial context, *Whitt v. Hulsey*, 519 So.2d 901 (Ala. 1987); (2) barbaric methods employed to coerce an insurance settlement, *National Sec. Fire & Cas. Co. v. Bowen*, 447

So.2d 133 (Ala. 1983); and (3) egregious sexual harassment, *Busby v. Truswal Sys. Corp.*, 551 So.2d 322 (Ala. 1989).

72 So. 3d at 1172. The Alabama Supreme Court has found viable causes of action for outrage outside of these circumstances, but only in particularly egregious cases. *See O'Rear v. B.H.*, 69 So. 3d 106 (Ala. 2011) (affirming a judgment on an outrage claim against a family physician who, when asked to counsel a teenage boy about stress, instead began exchanging addictive prescription drugs with the boy for sex, resulting in the boy's drug addiction). The actions alleged in Mr. Pollnitz's complaint, while understandably upsetting, are not sufficient to state a claim for intentional infliction of emotional distress. Therefore, the Court will dismiss this claim with prejudice.

### X. Negligent Entrustment

Count Twelve alleges negligent entrustment against UAB Health System, University of Alabama Health Services, and Chief Purcell. (Doc. 30, ¶¶ 105–106). "Under Alabama law, the essential elements of a cause of action for negligent entrustment are: (1) an entrustment (2) to an incompetent (3) with knowledge that he is incompetent, (4) proximate cause, and (5) damage." *Thompson v. Mindis Metals, Inc.*, 692 So. 2d 805, 807 (Ala. 1997). Mr. Pollnitz's third amended complaint does not specify the particular property that allegedly has been entrusted, or to whom the property purportedly was entrusted. (*See* Doc. 30, ¶¶ 104–112). Therefore, the Court will dismiss this claim without prejudice.

16

## XI. Conversion

In Count Thirteen, Mr. Pollnitz alleges a claim for conversion. (Doc. 30, p. 30). Mr. Pollnitz asserts that UAB police officers recklessly operated his wheelchair, causing his cell phone to crash to the floor. (Doc. 30, ¶ 113). An officer then allegedly kicked the cell phone to the wall, causing it to break into pieces. (Doc. 30, ¶ 113). Because there are no UAB police officers listed as defendants in this case, the Court will dismiss this claim without prejudice.

## IV. CONCLUSION

For the reasons explained above, the Court **DISMISSES** the following claims **WITH PREJUDICE**: due process (Count 5); negligent supervision against Chief Purcell (Counts 7 and 8); and intentional infliction of emotional distress (Count 11).

The Court **DISMISSES** the following claims **WITHOUT PREJUDICE**: general allegations (Count 1); failure to implement appropriate policies (Count 2); excessive force (Count 3); false arrest (Count 4); false imprisonment (Count 6); negligent supervision against UAB Health Systems and University of Alabama Health Services (Counts 7 and 8); conspiracy (Count 9); assault and battery (Count 10); negligent entrustment (Count 12); and conversion (Count 13).

The Court gives Mr. Pollnitz one final opportunity to amend his complaint. If Mr. Pollnitz chooses to add specifically named UAB police officers as

defendants, he must provide a separate count for each defendant and plead each count and the facts supporting each count separately. Mr. Pollnitz should specify whether each claim arises under federal or state law. Mr. Pollnitz shall file his amended complaint on or before Monday August 17, 2015.

The Court directs the Clerk to please **TERM** Docs. 31, 32, and 33.

**DONE** and **ORDERED** this August 3, 2015.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE